# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6468 | **DATE** | January 10, 2008 |
| **CASE TITLE** | Harris vs. Mercy Hospital and Medical Center | | |

**DOCKET ENTRY TEXT**

Plaintiff's application [4] for leave to proceed in forma pauperis is granted. Plaintiff's motion [5] for appointment of counsel is granted. The following attorney is hereby appointed as counsel for plaintiff: Adam Toosley, Clark Hill PLC, 150 N. Michigan Avenue, Suite 2400, Chicago, IL 60603, (312-985-5908), (atoosley@clarkhill.com)

■[ For further details see text below.]                                                                 Docketing to mail notices.

## ORDER

This matter comes before the court on the petition of Plaintiff Bobby Harris for leave to proceed in forma pauperis ("IFP") as well as a motion for appointment of counsel. Harris wishes to pursue claims of employment discrimination and retaliation against Defendant Mercy Hospital and Medical Center, his former employer.

A finding of indigence is a necessary prerequisite to a grant of IFP status. *Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). According to Harris's application, he is currently unemployed; his sole income is a $1000 monthly Social Security payment. Harris asserts that his sole asset is an automobile with an estimated value of $3000. Based upon the averments in the application and affidavit, we find that Harris is unable to pay the filing fee and grant the petition to proceed without prepayment of fees..

The complaint alleges violations of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. For the most part, the claims it contains are legally cognizable. However, in one, Harris contends that his employer suspended him because he was mistakenly perceived to be gay. Such a claim is not cognizable and that portion of the complaint is therefore dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

Harris has also filed a motion for appointment of counsel. Civil litigants have no constitutional or statutory right to be represented by counsel. *See Jackson v. County of MacLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). However, a district court can recruit counsel to represent a party pro bono in appropriate cases. *See* 28 U.S.C. § 1915(e)(1). Factors that a court considers in deciding whether to make such a request include whether the litigant has made reasonable attempts to retain counsel, whether the complaint appears to set forth meritorious claims for relief, the litigant's ability to litigate the facts and law implicated in the case, and whether the nature of the evidence is such that representation by counsel would more likely expose the truth. *See Pruitt v. Mote*, —

F.3d —, —, 2007 WL 2850448, at *6-*9 (7th Cir. 2007) (en banc); *Jackson*, 953 F.2d at 1072.  In this case, Harris has stated that he has trouble reading and writing and that his education stopped before high school.  The vast majority of his filings are done on forms prepared by the court, and he states that he needed assistance in completing them.  In light of these circumstances, we conclude that Harris is not capable of adequately pursuing the case without assistance.  Accordingly, we will grant the motion for appointment of counsel.

Dated:   **January 10, 2008**

                                          **CHARLES P. KOCORAS**
                                          **U.S. District Court Judge**