IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOBBY L. HARRIS, | ) |
| | ) |
| Plaintiff, | ) No. 07 C 6468 |
| | ) |
| v. | ) The Honorable Charles P. Kocoras |
| | ) |
| MERCY HOSPITAL AND MEDICAL CTR., | ) Magistrate Judge Nan R. Nolan |
| | ) |
| Defendant. | ) |

PLAINTIFF'S FIRST AMENDED COMPLAINT

Introduction

1. Plaintiff Bobby Harris ("plaintiff" or "Harris") brings this complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, as amended ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq.*, as amended ("ADEA"), to redress unlawful employment practices on the basis of sex and age and to provide appropriate relief to plaintiff. As stated more fully below, plaintiff alleges, among other things, that defendant has subjected him to a sexually-hostile work environment consisting of unwelcome and sexually-offensive touching and unwelcome and sexually-offensive comments; that defendant suspended and terminated plaintiff in retaliation for his complaints of unlawful sexual harassment; and that defendant subjected him to unequal terms and conditions of employment on the basis of his sex and age.

Jurisdiction and Venue

2. This Court has original jurisdiction of plaintiff's claims pursuant to 42 U.S.C. §2000e-5(f); 29 U.S.C. §626(b); and 28 U.S.C. §§1331 and 1343.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

4. Venue lies with this Court pursuant to 28 U.S.C. §1391 and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an Illinois not-for-profit corporation engaged in the provision of medical services. The events giving rise to this lawsuit occurred on the hospital premises.

6. Defendant is an "employer" as the term "employer" is defined in Title VII, 42 U.S.C. §2000e(b), and the ADEA, 29 U.S.C. §630(b).

7. Harris filed a timely charge of discrimination with the Illinois Department of Human Rights on March 13, 2006. *See* IDHR original charge no. 2006CA2360/EEOC charge no. 21BA61242, attached hereto as Exh. A; *see also* IDHR intake questionnaire, attached hereto as Exh. B. That charge was technically amended on August 3, 2006. *See* IDHR amended charge no. 2006CA2360/EEOC amended charge no. 21BA61242, attached hereto as Exh. C. The IDHR and EEOC issued a notice of right to sue on September 24, 2007, attached hereto as Exh. D.

8. Harris filed a *pro se* complaint of employment discrimination on November 11, 2007, attached hereto as Exh. E.

9. All conditions precedent to the filing of suit have been performed or have occurred.

Parties

10. Bobby Harris is a 69-year-old man. Harris worked as an Environmental Services Technician I at Mercy Hospital and Medical Center from on or about September 11, 1989 until his termination on or about March 14, 2006. He is currently unemployed and resides in Chicago, Illinois.

11. Defendant is a 477-bed teaching hospital located at 2525 S. Michigan Ave. in Chicago, Illinois.

Count I

Sex discrimination, in violation of Title VII of the
Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a)

12. The defendant subjected plaintiff to discrimination in employment on the basis of his sex, male, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§2000e-2(a), among other ways, by subjecting plaintiff to sexual harassment which created an offensive and sexually-hostile work environment and which adversely affected the terms, conditions, and privileges of his employment.

13. The sexual harassment consisted of the following, among other things:

(a) unwelcome and sexually-offensive physical touching by co-workers, including Eric Webster, Environmental Services Technician II;

(b) unwelcome and sexually-offensive comments and innuendos by co-workers and supervisors, including Eric Webster, Environmental Services Technician II; and Logan Porter, Director of Environmental Services;

(c) referring to Harris using sex-specific derogatory terminology;

(d) failing to investigate Harris's complaints of harassment and impose appropriate discipline;

(e) failing to maintain an effective system for investigating internal complaints of sexual harassment and imposing discipline on persons who engage in such misconduct; and

(f) failing or refusing to take appropriate action to remedy the effects of the discriminatory treatment of plaintiff.

Count II

Retaliation, in violation of Title VII of the Civil
Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a)

14. The defendant has retaliated against plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a), for complaining of sex-based harassment.

15. On or about September 20, 2005, Harris complained to Logan Porter, Director of Environmental Services; Anthony Griffith, Supervisor of Environmental Services; and Karyn Williams, Human Resources Representative, that Eric Webster, Environmental Services Technician II, had brushed his body against Harris and treated Harris in a unkind and unfriendly manner. Porter and Williams laughed at Harris and told him to return to work.

16. The following week, on or about September 27, 2005, Porter suspended Harris from work for several days.

17. Porter suspended Harris a second time on or about October 31, 2005. This suspension lasted for one day.

18. On or about March 9, 2006, Porter suspended Harris for an indefinite period.

19. On or about March 14, 2006, Porter notified Harris that he was being terminated.

20. Harris was not paid while on suspension.

21. As a result of defendant's retaliatory actions, Harris has lost substantial income and employment-related benefits.

Count III

Discrimination in employment on the basis of
sex, in violation of Title VII of the Civil Rights
Act of 1964, as amended, 42 U.S.C. §2000e-2(a)

22. The defendant subjected plaintiff to discrimination in employment on the basis of his sex, male, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a), among other ways, by subjecting him to unequal terms and conditions of employment.

23. The unequal treatment consisted of, among other things:

(a)  assigning Harris to clean rooms on the tenth and eighth floors while female counterparts were not assigned to clean rooms on two floors; and

(b)  failing or refusing to remedy Harris's complaints of unequal treatment.

Count IV

Discrimination in employment on the basis of age,
in violation of the Age Discrimination in Employment
Act of 1967, as amended, 29 U.S.C. §623

24. Defendant subjected plaintiff to discrimination in employment on the basis of his age, 69, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §623, among other ways, by subjecting him to unequal terms and conditions of employment.

25. The unequal treatment consisted of, among other things:

(a) assigning Harris to clean rooms on the tenth and eighth floors while younger counterparts were not assigned to clean rooms on two floors; and

(b) failing or refusing to remedy Harris's complaints of unequal treatment.

26. The unlawful practices complained of in ¶¶25(a) and 25(b) were willful within the meaning of §7(b) of the ADEA, 29 U.S.C. §626(b).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(a) declare defendant's actions to be in violation of Title VII and the ADEA;

(b) award plaintiff compensatory damages as would fully compensate him for injuries caused by the discrimination against him, pursuant to and within the statutory limits of §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a;

(c) award plaintiff the affirmative relief necessary to eradicate the effects of defendant's unlawful practices, including but not limited to reinstatement of plaintiff to the position of Environmental Services Technician I or, in the alternative, front pay, as well as backpay, prejudgment interest, the value of lost benefits, and liquidated damages, pursuant to and within the statutory limits of §7(b) of the Age Discrimination in Employment Act of 1967, 29 U.S.C. 626(b); and §16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. §216(b);

(d) grant a permanent injunction enjoining defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in sex-based or age-based assignments of work;

(e) require defendant to take other appropriate non-discriminatory measures to overcome the effects of the discrimination, including the implementation of an effective program to: address and prevent sexual harassment against employees; ensure that employees with sexual harassment allegations are not discouraged from complaining; and ensure that all complaints of sexual harassment are promptly and objectively investigated and resolved;

(f) award plaintiff his costs, including reasonable attorneys' fees; and

(g) grant such further relief as the Court deems just.

<u>JURY TRIAL DEMANDED</u>

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure, 42 U.S.C. §1981a, and 29 U.S.C. §626(c).

                    Respectfully submitted,

                    /s/ Robert S. Libman
                    Robert S. Libman
                    One of the Attorneys for Plaintiff

Miner, Barnhill & Galland
14 W. Erie St.
Chicago, IL 60610
(312) 751-1170