IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOBBY L. HARRIS, ) | |
| ) | |
| Plaintiff, ) | Case No. 07 C 6468 |
| ) | |
| v. ) | Judge Kocoras |
| ) | |
| MERCY HOSPITAL AND MEDICAL CTR., ) | Magistrate Judge Nolan |
| ) | |
| Defendant. ) | |

**DEFENDANT MERCY HOSPITAL AND MEDICAL CENTER'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Mercy Hospital and Medical Center ("Mercy"), by and through its attorneys, Seyfarth Shaw LLP, submits the following Answer to Plaintiff Bobby L. Harris' ("Plaintiff") First Amended Complaint (the "Complaint").

## Introduction

**COMPLAINT ¶ 1:**

Plaintiff Bobby Harris ("plaintiff" or "Harris") brings this complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, as amended ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq.*, as amended ("ADEA"), to redress unlawful employment practices on the basis of sex and age and to provide appropriate relief to plaintiff. As stated more fully below, plaintiff alleges, among other things, that defendant has subjected him to a sexually-hostile work environment consisting of unwelcome and sexually-offensive touching and unwelcome and sexually-offensive comments; that defendant suspended and terminated plaintiff in retaliation for his complaints of unlawful sexual harassment; and that defendant subjected him to unequal terms and conditions of employment on the basis of his sex and age.

**ANSWER:**

Mercy admits Plaintiff purports to bring the Complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq.*, as amended ("ADEA"). Mercy further admits that Plaintiff alleges it subjected him to a sexually-hostile work

environment, suspended and terminated him in retaliation for his complaints of sexual harassment, and subjected him to unequal terms and conditions based on his sex and age. Mercy denies that it engaged in discrimination, sexual harassment or any other unlawful activity, and denies the remaining allegations in Paragraph 1.

## Jurisdiction and Venue

**COMPLAINT ¶ 2:**

This Court has original jurisdiction of plaintiff's claims pursuant to 42 U.S.C. §2000e-5(f); 29 U.S.C. §626(b); and 28 U.S.C. §§1331 and 1343.

**ANSWER:**

Mercy admits the allegations in Paragraph 2.

**COMPLAINT ¶ 3:**

The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

**ANSWER:**

Mercy admits that Plaintiff claims the actions alleged in the Complaint occurred within the jurisdiction of the United States District Court for the Northern District of Illinois. Mercy denies the remaining allegations in Paragraph 3.

**COMPLAINT ¶ 4:**

Venue lies with this Court pursuant to 28 U.S.C. §1391 and 42 U.S.C. §2000e-5(f)(3).

**ANSWER:**

Mercy admits the allegations in Paragraph 4.

**COMPLAINT ¶ 5:**

Defendant is an Illinois not-for-profit corporation engaged in the provision of medical services. The events giving rise to this lawsuit occurred on the hospital premises.

**ANSWER:**

Mercy admits the allegations in Paragraph 5 that it is an Illinois not-for-profit corporation engaged in the provision of medical services. Mercy further admits that Plaintiff claims the alleged events set forth in the Complaint occurred on its premises, but denies that it committed any unlawful acts.

**COMPLAINT ¶ 6:**

Mercy is an "employer" as the term "employer" is defined in Title VII, 42 U.S.C. §2000e(b), and the ADEA, 29 U.S.C. §630(b).

**ANSWER:**

Defendant admits the allegations in Paragraph 6.

**COMPLAINT ¶ 7:**

Harris filed a timely charge of discrimination with the Illinois Department of Human Rights on March 13, 2006. *See* IDHR original charge no. 2006CA2360/EEOC charge no. 21BA61242, attached hereto as Exh. A; *see also* IDHR intake questionnaire, attached hereto as Exh. B. That charge was technically amended on August 3, 2006. *See* IDHR amended charge no. 2006CA2360/EEOC amended charge no. 21BA61242, attached hereto as Exh. C. The IDHR and EEOC issued a notice of right to sue on September 24, 2007, attached hereto as Exh. D.

**ANSWER:**

Mercy admits that Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights on March 13, 2006, IDHR original Charge No. 2006CA2360/EEOC Charge No. 21BA61242, and that a copy thereof is attached as Exhibit A to the Complaint. Mercy denies that the Charge of Discrimination was timely filed. On information and belief, Mercy admits the remaining allegations in Paragraph 7.

**COMPLAINT ¶ 8:**

Harris filed a *pro se* complaint of employment discrimination on November 11, 2007, attached hereto as Exh. E.

**ANSWER:**

Mercy admits the allegations in Paragraph 8.

3

**COMPLAINT ¶ 9:**

All conditions precedent to the filing of suit have been performed or have occurred.

**ANSWER:**

Mercy denies the allegations in Paragraph 9.

### Parties

**COMPLAINT ¶ 10:**

Bobby Harris is a 69-year-old man. Harris worked as an Environmental Services Technician I at Mercy Hospital and Medical Center from on or about September 11, 1989 until his termination on or about March 14, 2006. He is currently unemployed and resides in Chicago, Illinois.

**ANSWER:**

On information and belief, Mercy admits that Plaintiff is a 69-year-old man. Mercy admits that Plaintiff worked as an Environmental Services Technician I at Mercy from on or about September 11, 1989, until his termination on or about March 14, 2006. Mercy lacks knowledge and information sufficient to admit or deny the remaining allegations in Paragraph 10.

**COMPLAINT ¶ 11:**

Defendant is a 477-bed teaching hospital located at 2525 S. Michigan Ave. in Chicago, Illinois.

**ANSWER:**

Mercy admits the allegations in Paragraph 11.

### Count I
### Sex discrimination, in violation of Title VII of the
### Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a)

**COMPLAINT ¶ 12:**

The defendant subjected plaintiff to discrimination in employment on the basis of his sex, male, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a), among other ways, by subjecting plaintiff to sexual harassment which created an offensive

and sexually-hostile work environment and which adversely affected the terms, conditions, and privileges of his employment.

**ANSWER:**

Mercy denies the allegations in Paragraph 12.

**COMPLAINT ¶ 13:**

The sexual harassment consisted of the following, among other things:

(a) unwelcome and sexually-offensive physical touching by co-workers, including Eric Webster, Environmental Services Technician II;

(b) unwelcome and sexually-offensive comments and innuendos by coworkers and supervisors, including Eric Webster, Environmental Services Technician II; and Logan Porter, Director of Environmental Services;

(c) referring to Harris using sex-specific derogatory terminology;

(d) failing to investigate Harris's complaints of harassment and impose appropriate discipline;

(e) failing to maintain an effective system for investigating internal complaints of sexual harassment and imposing discipline on persons who engage in such misconduct; and

(f) failing or refusing to take appropriate action to remedy the effects of the discriminatory treatment of plaintiff.

**ANSWER:**

Mercy denies the allegations in Paragraph 13.

### Count II
### Retaliation, in violation of Title VII of the Civil
### Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a)

**COMPLAINT ¶ 14:**

The defendant has retaliated against plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a), for complaining of sex-based harassment.

**ANSWER:**

Mercy denies the allegations in Paragraph 14.

5

**COMPLAINT ¶ 15:**

On or about September 20, 2005, Harris complained to Logan Porter, Director of Environmental Services; Anthony Griffith, Supervisor of Environmental Services; and Karyn Williams, Human Resources Representative, that Eric Webster, Environmental Services Technician II, had brushed his body against Harris and treated Harris in a unkind and unfriendly manner. Porter and Williams laughed at Harris and told him to return to work.

**ANSWER:**

Mercy admits that on or about September 20, 2005, Plaintiff complained to Logan Porter that Eric Webster had brushed his body against Plaintiff and treated him in a "unkind and unfriendly" manner. Mercy denies the remaining allegations in Paragraph 15.

**COMPLAINT ¶ 16:**

The following week, on or about September 27, 2005, Porter suspended Harris from work for several days.

**ANSWER:**

Mercy admits that, on or about September 27, 2005, Plaintiff was suspended from work. Mercy denies the remaining allegations in Paragraph 16.

**COMPLAINT ¶ 17:**

Porter suspended Harris a second time on or about October 31, 2005. This suspension lasted for one day.

**ANSWER:**

Mercy admits the allegations in Paragraph 17.

**COMPLAINT ¶ 18:**

On or about March 9, 2006, Porter suspended Harris for an indefinite period.

**ANSWER:**

Mercy admits the allegations in Paragraph 18.

**COMPLAINT ¶ 19:**

On or about March 14, 2006, Porter notified Harris that he was being terminated.

**ANSWER:**

Mercy admits the allegations in Paragraph 19.

**COMPLAINT ¶ 20:**

Harris was not paid while on suspension.

**ANSWER:**

Mercy admits the allegations in Paragraph 20.

**COMPLAINT ¶ 21:**

As a result of defendant's retaliatory actions, Harris has lost substantial income and employment-related benefits.

**ANSWER:**

Mercy denies the allegations in Paragraph 21.

## Count III
## Discrimination in employment on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a)

**COMPLAINT ¶ 22:**

The defendant subjected plaintiff to discrimination in employment on the basis of his sex, male, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a), among other ways, by subjecting him to unequal terms and conditions of employment.

**ANSWER:**

Mercy denies the allegations in Paragraph 22.

**COMPLAINT ¶ 23:**

The unequal treatment consisted of, among other things:

(a) assigning Harris to clean rooms on the tenth and eighth floors while female counterparts were not assigned to clean rooms on two floors; and

(b) failing or refusing to remedy Harris's complaints of unequal treatment.

**ANSWER:**

Mercy denies the allegations in Paragraph 23.

CH1 11443480.2

## Count IV
### Discrimination in employment on the basis of age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §623

**COMPLAINT ¶ 24:**

Defendant subjected plaintiff to discrimination in employment on the basis of his age, 69, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §623, among other ways, by subjecting him to unequal terms and conditions of employment.

**ANSWER:**

Mercy denies the allegations in Paragraph 24.

**COMPLAINT ¶ 25:**

The unequal treatment consisted of, among other things:

(a) assigning Harris to clean rooms on the tenth and eighth floors while younger counterparts were not assigned to clean rooms on two floors; and

(b) failing or refusing to remedy Harris's complaints of unequal treatment.

**ANSWER:**

Mercy denies the allegations in Paragraph 25.

**COMPLAINT ¶ 26:**

The unlawful practices complained of in ¶¶ 25(a) and 25(b) were willful within the meaning of §7(b) of the ADEA, 29 U.S.C. §626(b).

**ANSWER:**

Mercy denies the allegations in Paragraph 26.

### AFFIRMATIVE DEFENSES

1. To the extent that Plaintiff has failed to satisfy any of the administrative prerequisites to bringing suit, his claims are barred.

2. To the extent that the allegations in the Complaint are beyond the scope of Plaintiff's Charge of Discrimination, they are barred for failure to exhaust administrative remedies.

3. To the extent that any of the allegations purportedly supporting Plaintiff's Title VII and/or ADEA claims occurred more than 300 days prior to the date on which Plaintiff filed his Charge with the EEOC, such claims are time-barred.

4. To the extent that Plaintiff has failed to mitigate his damages, he should be barred from any recovery or his recovery should be reduced.

5. Mercy exercised reasonable care to prevent and promptly correct any alleged sexually harassing and/or discriminatory behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Mercy or to avoid harm otherwise.

6. Mercy made good-faith efforts to comply with Title VII and did not act with malice or reckless indifference to Plaintiff's federally protected rights.

7. Mercy made good-faith efforts to comply with the ADEA and acted at all relevant times with a good-faith belief that such conduct complied with the ADEA.

8. Plaintiff's claims are barred to the extent he failed to exhaust the grievance procedures and remedies mandated by the collective bargaining agreement between Mercy and Plaintiff's union.

9. To the extent applicable, Plaintiff is barred, in whole or in part, under the doctrines of *in pari delicto*, unclean hands, and other equitable doctrines, from seeking relief.

Mercy reserves the right to amend and supplement its Affirmative Defenses.

9

WHEREFORE, Mercy denies that Plaintiff is entitled to any relief and requests that the Complaint be dismissed in its entirety with prejudice, that judgment be entered in Mercy's favor, and that Mercy be awarded its costs, attorneys' fees, and such other relief as this Court deems appropriate.

| | |
|---|---|
| **DATED: April 29, 2008** | Respectfully submitted, |
| Gerald L. Pauling<br>Steven J. Pearlman<br>Christopher Rizzo<br>SEYFARTH SHAW LLP<br>131 South Dearborn Street<br>Suite 2400<br>Chicago, Illinois 60603<br>(312) 460-5000 | SEYFARTH SHAW LLP<br><br>By:  /s Christopher Rizzo<br>     One of Its Attorneys |

CH1 11443480.2

## CERTIFICATE OF SERVICE

I, Christopher Rizzo, an attorney, certify that I caused a true and correct copy of the foregoing ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT to be served upon the following counsel of record for Plaintiff, via electronic filing through this Court's ECF system, on this 29th day of April, 2008:

>
> Robert S. Libman
> Erin Pitts
> Miner, Barnhill & Galland, P.C.
> 14 W. Erie St.
> Chicago, Illinois 60610
> rlibman@lawmbg.com
> epitts@lawmbg.com

      /s Christopher Rizzo
      Christopher Rizzo

CH1 11443480.2